UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

GARFIELD D. BENTLEY,

                      Plaintiff,

         -against-

DISTRICT ATTORNEY DAVID M. HOOVLER, et al.,

                      Defendants.

17-CV-6266 (CM)

ORDER

COLLEEN MCMAHON, Chief United States District Judge:

      Plaintiff, while confined in Downstate Correctional Facility, filed this *pro se* action under 42 U.S.C. § 1983, asserting that he was subjected to double jeopardy when he was convicted in the Orange County Court for a charge that had previously been dismissed in the Newburgh City Court. On November 28, 2017, the Court dismissed the action for failure to state a claim, finding that because success on Plaintiff's § 1983 claims would necessarily imply the invalidity of his conviction, and he had not alleged that his conviction has been overturned or otherwise invalidated, his claims were barred under the favorable termination rule of *Heck v. Humphrey*, 512 U.S. 477, 487 (1994). The Court further found that to the extent Plaintiff sought to challenge the validity of his conviction or the ineffectiveness of his attorney, he must do so in a petition for a writ of *habeas corpus* under 28 U.S.C. § 2254, after exhausting his state-court remedies. (*See* ECF 10.)

      Plaintiff has recently submitted two letters indicating that he would like to reopen this closed case. In a letter dated February 17, 2021, Plaintiff asserts that he would like to reopen this action and requests an attorney to assist him with an "F.B.I. Habeas Corpus." (ECF 16.) Two weeks later, on March 3, 2021, Plaintiff sent another letter to the Court, in which he requests

information about his § 1983 case and states that he "need[s] a[n] attorney for [his] FBI habeas corpus in this court." (ECF No. 17).

The Court liberally construes Plaintiff's submissions as a motion under Rule 60(b) of the Federal Rules of Civil Procedure seeking to vacate the order of dismissal and reopen this action. *See Triestman v. Fed. Bureau of Prisons*, 470 F.3d 471, 474 (2d Cir. 2006); *see also Tracy v. Freshwater*, 623 F.3d 90, 101 (2d Cir. 2010) (The solicitude afforded to *pro se* litigants takes a variety of forms, including liberal construction of papers, "relaxation of the limitations on the amendment of pleadings," leniency in the enforcement of other procedural rules, and "deliberate, continuing efforts to ensure that a *pro se* litigant understands what is required of him") (citations omitted). The Court denies the motion for the following reasons.

## DISCUSSION

Under Rule 60(b), a party may seek relief from a district court's order or judgment for the following reasons:

> (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b); (3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or other misconduct of an opposing party; (4) the judgment is void; (5) the judgment has been satisfied, released, or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or (6) any other reason justifying relief.

Fed. R. Civ. P. 60(b). A motion seeking relief under Rule 60(b)(1), (2), or (3) must be brought within one year of the date of entry of the order or judgment the motion seeks to challenge. Fed. R. Civ. P. 60(c)(1).

Plaintiff's letters, which the Court has construed as a request to vacate the order of dismissal and reopen this action, were submitted more than three years after the Court entered judgment closing this action. Plaintiff therefore cannot seek to reopen this action under Rule

2

60(b)(1)-(3), because he did not move for relief within one year of entry of judgment. Plaintiff also cannot seek relief under Rule 60(b)(4)-(6) because his letters were not submitted within a reasonable time after entry of judgment.

Further, Plaintiff's requests for an attorney must be denied. He asserts that he seeks the assistance of an attorney for his "FBI habeas corpus" action. Although not clear, Plaintiff may be indicating his intention to file a federal *habeas corpus* petition in this court. But any such action cannot be considered in this closed case. Should Plaintiff file a *habeas corpus* petition, it will be opened under a new case number, and he can then request an attorney in that action.

Because Plaintiff's motion is untimely, the Court denies Plaintiff relief under Rule 60(b). The Court also denies his requests for an attorney. The Court will no longer accept any documents in this closed case except for papers directed to the United States Court of Appeals for the Second Circuit.

## CONCLUSION

The Clerk of Court is directed to mail a copy of this order to Plaintiff and note service on the docket. The Court construes Plaintiff's letters (ECF 16, 17) as a motion for reconsideration and denies the motion. The Clerk of Court is further directed not to accept any further submissions under this closed case number, except for papers directed to the United States Court of Appeals for the Second Circuit.

The Court certifies under 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith, and therefore *in forma pauperis* status is denied for the purpose of an appeal. *See Coppedge v. United States*, 369 U.S. 438, 444-45 (1962).

SO ORDERED.

Dated:   March 9, 2021
         New York, New York

COLLEEN McMAHON
Chief United States District Judge